91 F.3d 167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DILLINGHAM CONSTRUCTION, N.A., INC., Plaintiff-Appellant,
v.
THE UNITED STATES, Defendant-Appellee.
 No. 95-5147.
 United States Court of Appeals, Federal Circuit.
 April 25, 1996
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 
 1
 Dillingham Construction Company, Inc. (Dillingham), acting on behalf of its subcontractor, Sasco/Valley Electric (Sasco), appeals the decision of the Court of Federal Claims, which granted the government's motion for summary judgment. Dillingham Constr., Inc. v. United States, 33 Fed. Cl. 495 (1995).
 
 
 2
 The case grows out of a contract entered into between the Veterans Administration and Dillingham for the construction of an Outpatient Clinic Building at Martinez, California. Dillingham's claim for an equitable adjustment, which was rejected by the contracting officer, is based on the contention that the Veterans Administration wrongfully rejected Sasco's use of MC cable, and, contrary to the specifications, required Sasco to use raceways and conduit. In this appeal, Dillingham argues that the trial court erred in ruling that the specifications mandated the use of raceways and conduit.
 
 
 3
 In view of the electrical specifications construed as a whole, we agree with the trial judge's conclusion that the contract required raceways and conduit and that MC cable could not be used as a substitute. His conclusion is supported by unrebutted evidence that at the time the contract was entered into and thereafter, Dillingham construed the specifications as requiring the use of raceways and conduit.
 
 
 4
 In a letter to Sasco dated April 8, 1992, Dillingham stated:
 
 
 5
 While we support your effort to obtain approval of these systems [the MC cable] by the V.A., we in no way concur that the contract documents allow their usage.... If this had been a condition of your proposal Dillingham would have awarded the project to a different electrical contractor.
 
 
 6
 On July 6, 1992, Dillingham wrote Sasco regarding Sasco's claim for a constructive change order. The letter described several provisions of the specifications requiring raceways and conduit. The letter also stated:
 
 
 7
 As you are aware, the V.A. received proposals from other general contractors that noted that MC Cable would be used. Furthermore, competing electrical contractors offered the use of MC Cable as value engineering items when Dillingham was analyzing electrical proposals. It was Dillingham's understanding of the bid documents that MC Cable was not allowable.
 
 
 8
 Accordingly, we agree with the trial judge's conclusion that there was no genuine issue of fact on the controlling question, i.e., the proper interpretation of the specifications, and that the government was entitled to a summary judgment.
 
 
 9
 Therefore, we affirm the decision of the Court of Federal Claims on the basis of the trial judge's opinion.
 
 
 10
 Each party shall bear its own costs.